Springer, J.,
dissenting:
A directed verdict was not warranted in this case.
I agree with Justice Rose that Wright v. Schum, 105 Nev. 611, 781 P.2d 1142 (1989), of itself, is not authority to support liability in this case because Schum involved off-premises injuries caused by dangerous on-premises conditions; however, in Schum, we ruled that a landlord could be held liable for negligent conduct that was not related to landlord status. The question in Schum was “not whether Schum is liable to Jason as a landlord, but rather whether he is liable ‘as other persons’ for the exercise of due care in not subjecting Jason to an unreasonable risk of harm.” Id. at 614, 781 P.2d at 1143 (emphasis in original) (quoting Sargent v. Ross, 308 A.2d 528, 534 (N.H. 1973)). The rule adopted in Schum was that if there was evidence that the landlord, independent of his being a landlord, “failed to exercise due care in subjecting Jason and others to an unreasonable risk of harm,” then tort liability could attach. Schum, 105 Nev. at 614, 781 P.2d at 1143.
In Schum, the landlord’s duty of due care arose from the injured party’s reliance on the landlord’s promise to make the condition safe rather than upon the landlord’s status as property owner. Similarly, the jury in the instant case is not limited to consideration of the Colonial’s status as property owner in determining whether it owed a duty of care to the appellant in this case. Although there is no evidence here of the kind of reliance that was present in Schum, a reasonable jury could find that the Colonial owed a duty of due care to its bus-boarding patrons under the circumstances of this case. The kind of injury suffered by Ms. Wiseman was foreseeable under the circumstances and could have been avoided had the Colonial not departed from its ordinary practice of maintaining safe passage to and from its busses.
In the case at bar, the Colonial had apparently recognized for some time the necessity for maintaining safe loading and unloading of its buses; and, in order to provide for the safety of its invitees, it had adopted procedures which involved off-premises snow and ice removal. On the day of Ms. Wiseman’s injury, the Colonial failed to abide by its own, self-imposed standards for guest safety. To my way of thinking, a jury could properly have *1275 found that by failing to abide by its adopted standards of safety, the Colonial failed to exercise due care under the circumstances and subjected its bus passengers to an unreasonable risk of harm. For this reason, I say that it was error to direct a verdict in the Colonial’s favor.